**MICHIGAN STATE CHAMBER OF COMMERCE, a Michigan non-profit corporation, individually and for its members; E. James Barrett; Consumers Power Company, a Michigan corporation; the Detroit Edison Company, a Michigan corporation; and Michigan Consolidated Gas Company, a Michigan corporation, Plaintiffs,**

v.

**Richard H. AUSTIN, in his capacity as Secretary of State of the State of Michigan, Defendant.**

**Civ. A. No. 83–2263.**

United States District Court,
E.D. Michigan, S.D.

Sept. 3, 1986.

John D. Pirich, Kirk D. Messmer, Miller, Canfield, Paddock & Stone, Lansing, Mich., for plaintiffs.

Richard P. Gartner, Gary P. Gordon, Asst. Attys. Gen., Lansing, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

FEIKENS, District Judge.

The Secretary of State ("Secretary") moves to alter or amend the judgment entered July 22, 1986 pursuant to my Memorandum Opinion (July 11, 1986), 637 F.Supp. 1192 declaring § 54(3) of the Michigan Campaign Finance Act, Mich.Comp. Laws § 169.254(3), void for overbreadth. The Secretary seeks to cure the overbreadth with a new[1] interpretation of the statute:

4. I now interpret [§ 54(3) of the Act] as follows and will administer and enforce this statute consistent with this interpretation:

A. Open and innocent associations by corporations are not proscribed....

B. A corporation, willing to disclose its name in political advertising, may associate with any other corporation for the purpose of hiring a political consulting firm to devise and execute a ballot question campaign. A corporation acting in this manner may contribute more than $40,000 to the effort.

Affidavit of Secretary Austin (July 30, 1986) ¶ 4(A)–(B).

■ "[A] limiting construction" can cure overbreadth, *Broadrick v. Oklahoma*, 413 U.S. 601, 613, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973), but the construction must be "authoritative" and "judicial."

*Freedman v. Maryland*, 380 U.S. 51, 59, 85 S.Ct. 734, 739, 13 L.Ed.2d 649 (1965) (invalidating Maryland statute governing motion pictures). *See also United States v. Thirty-Seven Photographs*, 402 U.S. 363, 369, 91 S.Ct. 1400, 1404, 28 L.Ed.2d 822 (1971) ("*Freedman* recognized that a statute ... could be saved by judicial construction ... [and] that such construction had to be 'authoritative.'"). I cannot, as a federal judge, authoritatively narrow Michigan's statute. *See Gooding v. Wilson*, 405 U.S. 518, 520, 92 S.Ct. 1103, 1105, 31 L.Ed.2d 408 (1972) ("Only Georgia courts can supply the requisite construction, since of course 'we lack jurisdiction authoritatively to construe state legislation.'") (*quoting Thirty-Seven Photographs*, 402 U.S. at 369, 91 S.Ct. at 1404). Since Michigan courts have not construed the statute, the question is whether the statute is "readily subject to a narrowing construction by the state courts." *Erznoznik v. City of Jacksonville*, 422 U.S. 205, 216, 95 S.Ct. 2268, 2276, 45 L.Ed.2d 125 (1975) (holding facially invalid an ordinance governing motion pictures where "the possibility of a limiting construction appears remote"). *See also Dombrowski v. Pfister*, 380 U.S. 479, 490–92, 85 S.Ct. 1116, 1122–24, 14 L.Ed.2d 22 (1965) (enjoining prosecution under overbroad state statute where no saving construction is readily apparent).

Judicial construction cannot save Michigan's statute because the statute needs substantial revision. *See Blount v. Rizzi*, 400 U.S. 410, 419, 91 S.Ct. 423, 429, 27 L.Ed.2d 498 (1971) (statute not saved by construction because "it is for Congress, not this Court, to rewrite the statute."); *United States v. Robel*, 389 U.S. 258, 262, 88 S.Ct. 419, 422, 19 L.Ed.2d 508 (1967) (statute not saved by construction because "it sweeps indiscriminately across all types of association ... without regard to the quality and degree of membership"); *Aptheker v. Secretary of State*, 378 U.S. 500, 515, 84 S.Ct. 1659, 1668, 12 L.Ed.2d 992

---

1. The Secretary originally interpreted the statute to prohibit corporate activity permitted under his new interpretation. *See* Defendant's

Brief Regarding Corporate Joint Independent Expenditures, June 27, 1986 at 4–6.

(1964) (statute not saved by construction because "it [is] impossible to narrow its indiscriminately cast and overly broad scope without substantial rewriting."). The Secretary's proffered interpretation has no anchor in the statute; instead, it draws language from my Memorandum Opinion.[2] Michigan's statute needs legislative amendment, not judicial construction.

Accordingly, the Secretary's motion is DENIED.

IT IS SO ORDERED.

2.  Mem. op., at 4 (July 11, 1986) ("Michigan's statute ... limits not only artfully masked, potentially misleading activity, but also open and innocent association. The Secretary will enforce the statute against even those corporations willing to disclose their own names in political advertising.") (footnote omitted).